Luis Rivera **FERNANDEZ**, Petitioner,

v.

Gerardo **DELGADO**, Jail Warden,
Respondent.

**Civ. No. 39–66.**

United States District Court
D. Puerto Rico.

Sept. 13, 1966.

Aldo Segurola, San Juan, P. R., for petitioner.

Noel González-Reichard, Dept. of Justice, Commonwealth of Puerto Rico, San Juan, P. R., for respondent.

## ORDER

**RUIZ-NAZARIO, Chief Judge.**

The petition herein involves a request for a writ of habeas corpus based on the allegation that the petitioner, upon being arrested but before being indicted on charges of Murder in the First Degree (subsequent) and a Violation of Art. 4 of the Weapons Law of the Commonwealth of Puerto Rico, signed a confession before the District Attorney at Jayuya, Puerto Rico; that such confession was used against him at his trial for said offenses in the Superior Court of Puerto Rico, Ponce Part, and that he was not advised of his right to counsel and was not assisted by counsel, when he made said confession, although he was represented by counsel and had proper advice from him at his trial.

As appears from the return and the translation of the transcript of the evidence taken at his trial, which has been filed as a part of said return, the trial in petitioner's case began on June 27, 1963, i. e. long prior to June 22, 1964 and, therefore, Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 is not applicable in this case. See: Johnson v. State of New Jersey, 384 U.S. 719, at p. 734, 86 S.Ct. 1772, 16 L.Ed.2d 882.

Neither does Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 apply, because the herein petitioner's trial had begun prior to June 13, 1966. See: Johnson v. State of New Jersey, supra.

Moreover, as it also appears from said transcript, said confession was never used as direct evidence at the trial, which was held before the Judge, because petitioner expressly waived trial by the jury.

Of course, the aforesaid confession, admitted by his attorney to have been voluntary, was exclusively used for the permissible purpose of impeaching, in cross examination, certain contradictory statements made by the petitioner while on the witness stand, at said trial.

Such use, in the light of what was said in Walder v. United States, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 was not unlawful.

As Justice Frankfurter stated, speaking for the Court in that case:

"It is one thing to say that the Government cannot make an affirmative use of evidence unlawfully obtained. *It is quite another to say that the defendant can turn the illegal method by which evidence in the Government's possession was obtained to his own advantage, and provide himself with a shield against contradiction of his untruths.* Such an extension of the *Weeks* doctrine would be a perversion of the Fourth Amendment." (Emphasis supplied).

Respondent's request that ORDER TO SHOW CAUSE be vacated, and that the petition for a Writ of Habeas Corpus be dismissed, must be and is hereby granted.

Let judgment dismissing the petition herein be entered.